**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| PYLORD P. DOE, M.D. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-12-2987 |
| KATHLEEN SEBELIUS, Secretary, Dept. of Health and Human Services | * | |
| ELIZABETH GIANTURCO, JOHN DAHLBERG, Ph.D. | * | |
| | * | |
| Defendants | | |

***

## MEMORANDUM

Plaintiff Pylord M. Doe asserts this action, as clarified in his supplemental complaint (ECF No. 10), is brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 397 (1971).  Doe also asserts this action is timely filed because he was unaware until July of 2010 that he was neither an employee nor an applicant for federal employment during the time he was associated with the National Institutes of Health (NIH) in 1991.  Plaintiff's pleadings and exhibits, however, indicate that he has been aware of the facts on which he brings his claims since 1997, if not prior to that time.

The statute of limitations for civil rights action filed under *Bivens* and arising in Maryland is three years.  *See generally Owens v. Okure*, 488 U.S. 235, 239 (1989).  While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a *Bivens* claim.  *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Cox v. Stanton*, 529 F.2d 47, 49–50 (4th Cir.1975).  Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar.  *See* Md.Code Ann., Cts. & Jud. Proc., § 5–101.  Although the state statute of limitations applies, the time of accrual

of the action is a federal question.  The running of the statute of limitations begins when Plaintiff knows or has reason to know of his injury.

Plaintiff first filed in 1995 claims alleging that he was subjected to racial discrimination and other civil rights violations at NIH in 1991, as is evidenced by his complaint in Civil Action No. AMD-95-153 (D. Md. 1997).  Plaintiff acknowledges that in 2010, he read the August 26, 1997, dismissal order in AMD-95-153  in its entirety "for the very first time" and learned he was neither an employee nor an applicant for federal employment when he was associated with NIH. ECF No. 10 at 8; *see also* ECF No. 1, Exhibit 6.  Under these circumstances, the latest Plaintiff should have known of his injuries was in 1997.  Because the instant complaint was filed some fifteen years later, the statute of limitations now bars consideration of the claims brought under *Biven*s.

Plaintiff seeks to provide a basis for equitably tolling the statute of limitations with his explanation that he "decided to walk away, as he was so exhausted, distraught, frightened, and appropriately felt cheated and disenfranchised by the very system he was raise) [sic] to trust," such that he never read Judge Davis's order in its entirety" until 2010, and could not "intelligently" process this information until then.  ECF No. 10 at 9, this court finds no basis for tolling.  Accordingly, this case will be dismissed as untimely by separate order to follow.


Date:   November 30, 2012                        /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge